977 F.2d 582
 142 L.R.R.M. (BNA) 2312
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PIC-AIR, INC., Respondent.
 No. 92-6081.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Pic-Air, Inc., Oak Ridge, Tennessee, its officers, agents, successors, and assigns, enforcing its order dated October 9, 1991, in Case No. 10-CA-25315, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Pic-Air, Inc., Oak Ridge, Tennessee, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Closing its facility without giving timely notice to the Oil, Chemical and Atomic Workers International Union, AFL-CIO, Local 3-893, and without affording the Union an opportunity to bargain as the exclusive representative of the unit employees with respect to the effects of the closing on the unit employees. The appropriate unit is:
 
 
 5
 All production and maintenance employees employed by Respondent at its Oak Ridge, Tennessee facility, including toolmakers, but excluding office clerical employees, professional employees, guards and supervisors as defined in the Act.
 
 
 6
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) On request, bargain in good faith with the Union as the exclusive representative of the unit employees regarding the effects of the closing of the Oak Ridge facility, and pay the employees limited backpay in the manner set forth in the remedy section of the Board's Decision and Order.
 
 
 9
 (b) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary or useful to ensure compliance with this Judgment.
 
 
 10
 (c) Post at its facility in Oak Ridge, Tennessee, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 10, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 11
 (d) Mail a copy of the attached notice marked "Appendix" to all employees who were employed by the Respondent prior to the closing of the Oak Ridge facility. Copies of the notice, on forms provided by the Regional Director, after being signed by the Respondent's authorized representative, shall be mailed immediately upon receipt.
 
 
 12
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 14
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT close our Oak Ridge facility without giving timely notice to the Oil, Chemical and Atomic Workers International Union, AFL-CIO, Local 3-893, as the exclusive representative of all employees in the appropriate unit and WE WILL NOT fail and refuse to bargain collectively with the Union about the effects of the closing of the facility on unit employees. The appropriate unit is:
 
 
 17
 All production and maintenance employees employed by Respondent at its Oak Ridge, Tennessee facility, including toolmakers, but excluding office clerical employees, professional employees, guards and supervisors as defined in the Act.
 
 
 18
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 19
 WE WILL, on request, bargain collectively with the Union with respect to the effects of closing our facility upon the employees in the above-described unit.
 
 
 20
 WE WILL pay the employees who were employed at the facility on the date of the closing their normal wages for a period of time as required in the Decision and Order of the National Labor Relations Board.
 
 
 21
 PIC-AIR, INC.
 
 
 22
 (Employer)
 
 
 23
 Dated __________ By ______________________________
 
 
 24
 (Representative)
 
 
 25
 (Title)
 
 
 26
 This is an official notice and must not be defaced by anyone.
 
 
 27
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 101 Marietta Street, NW, Suite 2400, Atlanta, Georgia 30323-3301, Telephone 404-841-2886.